400 So.2d 357 (1981)
Glenn D. TEEL
v.
Mrs. Bobbie L. TEEL and James R. Pertuit.
No. 12403.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1981.
James R. Pertuit, New Orleans, for relator.
Patrick C. Leitz, Metairie, for respondent.
Before REDMANN and BOUTALL, JJ., and STOULIG, Pro Tem.
BOUTALL, Judge.
On the application of James R. Pertuit, Attorney at Law representing Mrs. Bobbie L. Teel, invoking the supervisory jurisdiction of this court in order to examine into the correctness of a judgment requiring his withdrawal from representation of Mrs. Teel, we issued a writ of certiorari to review the ruling complained of.
The procedural situation is this. Glenn D. Teel filed a proceeding against his wife, Mrs. Bobbie L. Teel for a separation a mensa et thoro, had a curator ad hoc appointed to represent her as an absentee defendant, and subsequently was awarded judgment of separation. Over one year later, Teel filed a petition for divorce and again had a curator ad hoc appointed. The curator has answered in the record. Subsequent to the curator's answer a pleading entitled "Answer and Petition for Injunctive Relief" was filed by Mrs. Teel through her attorney James R. Pertuit. That pleading admitted the pertinent facts in the divorce petition which would support a judgment of divorce, but pointed out that Teel had not prosecuted a partition of the community property, and sought to obtain such relief by (1) requiring an inventory be taken; (2) obtaining an injunction to prevent Teel from disposing or alienating any community property; and (3) an injunction prohibiting Teel from threatening or in anywise molesting his wife. Teel then filed a motion to recuse James R. Pertuit as attorney for Mrs. Teel, contending that Pertuit had represented him both personally and through his corporation *358 over a period of eight years. He asserts that the attorney had gained intimate knowledge of all of his affairs and confidential knowledge, that the disclosure of such knowledge would violate the confidential relationship between attorney and client, and additionally that Pertuit, still representing him in several law suits, cannot represent a party with differing interests.
We issued the writ of certiorari based upon allegations of the attorney that he had been prevented from testifying at the hearing on the motion to recuse, and could not thus adequately show a defense to the allegations. Although we still adhere to the principle that the attorney should be permitted to defend himself, under the facts and circumstances of this case we see no possibility that a successful defense could be made. We point out for example, that Teel testified that he had attempted to get legal advice from Pertuit on a number of occasions concerning his matrimonial difficulties, and that he had sought to get Pertuit to represent him in court in bringing suit. He testified that Pertuit had refused to represent him in court because he was too involved with both husband and wife to bring such a suit. If this were the sole problem, we would unhesitatingly grant Pertuit the right to defend against these allegations. But the main contention between these parties is not the divorce, it is the partition of community property. It is obvious on the face of the record that the largest portion of the community assets will consist of the ownership of stock in Teel's corporation, Building Engineering Services Company, Inc., that corporation's law suits for damages, and Teel's law suit against the corporation for salary and damages to him. Pertuit was the attorney for the corporation during its existence and is the attorney of record in the pending law suits. Some of the allegations made in Mrs. Teel's pleadings (Article VII) are that her interest in the community property has been diminished by the fraud, fault, neglect or incompetence of Teel.
The trial judge, who apparently had several conferences between the attorneys during the course of the proceedings, ruled that the evidence was so overwhelming that he concluded no further evidence need be considered. We note that on several occasions, he intervened in the proceedings to prevent the attorney from disclosing privileged and confidential information. Under the state of the record presented to us, we can conceive no evidence that could be produced which could overcome that which is so apparent. The trial judge relied upon the principles announced in the case of Brasseaux v. Girouard, 214 So.2d 401 (La.App. 3rd Cir. 1968), and so do we.
We refer to the canons of ethics controlling the professional responsibilities of attorneys at law published in the Articles of Incorporation of The Louisiana State Bar Association, LSA-R.S. 37, Chapter 4. Canon 4 requires that "a lawyer should preserve the confidences and secrets of a client" and Canon 5 that "a lawyer should exercise independent professional judgment on behalf of a client." Under these two Canons the ethical considerations and disciplinary rules make it clear that this attorney should be required to withdraw from employment. Under Canon 4 we refer to EC 4-1 and DR 4-101; under Canon 5 we refer to EC 5-1 and 5-2 and DR 5-105.
Accordingly, we are of the opinion that the ruling of the trial judge requiring James R. Pertuit to withdraw from representation as attorney for Mrs. Bobbie L. Teel is correct, and we affirm.
AFFIRMED.